TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN




NO. 03-05-00105-CR




Jerome Lomax, Appellant


v.


The State of Texas, Appellee





FROM THE DISTRICT COURT OF BELL COUNTY, 264TH JUDICIAL DISTRICT
NO. 56523, HONORABLE JOE CARROLL, JUDGE PRESIDING




M E M O R A N D U M O P I N I O N
 
Appellant Jerome Lomax pleaded guilty to possessing more than four grams of
cocaine with intent to deliver. See Tex. Health & Safety Code Ann. § 481.112(a), (d) (West 2003). 
The court sentenced him to thirty years in prison.
Appellant’s court-appointed attorney filed a brief concluding that the appeal is
frivolous and without merit. The brief meets the requirements of Anders v. California, 386 U.S. 738
(1967), by presenting a professional evaluation of the record demonstrating why there are no
arguable grounds to be advanced. See also Penson v. Ohio, 488 U.S. 75 (1988); High v. State, 573
S.W.2d 807 (Tex. Crim. App. 1978); Currie v. State, 516 S.W.2d 684 (Tex. Crim. App. 1974);
Jackson v. State, 485 S.W.2d 553 (Tex. Crim. App. 1972); Gainous v. State, 436 S.W.2d 137 (Tex.
Crim. App. 1969). Appellant received a copy of counsel’s brief and was advised of his right to
examine the appellate record and to file a pro se brief.
Appellant filed a pro se brief asserting four points of error. Appellant contends his
trial counsel was ineffective because he did not adequately investigate the facts of the case, did not
call favorable witnesses, and did not introduce exculpatory evidence. He asserts that his guilty plea
was involuntary because his attorney promised him that he would receive probation. And he claims
that the evidence against him was seized during an unlawful search. Each of these contentions is
based on factual assertions that are not supported by the record before us.
Appellant’s final pro se point is that he was guilty of only a third-degree felony
because he possessed only 1.5 grams of pure cocaine. He asserts that the remaining weight of the
substance was attributable to byproducts of the manufacturing process and should not have been
considered. The opinions on which appellant relies were decided before the legislature defined
adulterants and dilutants. See Tex. Health & Safety Code Ann. § 481.002(49) (West Supp. 2004-05). 
Under this definition, any material that increases the bulk or quantity of the controlled substance is
an adulterant or dilutant. See Williams v. State, 936 S.W.2d 399, 405 (Tex. App.—Fort Worth 1996,
pet. ref’d).
We have reviewed the record, counsel’s brief, and the pro se brief. We find nothing
in the record that might arguably support the appeal. Counsel’s motion to withdraw is granted.
 

The judgment of conviction is affirmed.
 
 
                                                __________________________________________
                                                David Puryear, Justice
Before Chief Justice Law, Justices Patterson and Puryear
Affirmed
Filed: August 17, 2005
Do Not Publish